IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICHARD "RIP" HALE,
:
Claimant,
:
v.
: Case No. 3:19-cv-229
:
MORGAN STANLEY,
: JUDGE WALTER H. RICE
Respondent.
:

---

DECISION AND ENTRY SUSTAINING RESPONDENT'S MOTION TO DISMISS CLAIMANT'S MOTION TO VACATE (DOC. #9) PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1), CHALLENGING THIS COURT'S SUBJECT MATTER JURISDICTION; TERMINATION ENTRY

---

On August 2, 2019, Claimant, Richard "Rip" Hale ("Hale"), filed a Motion to Vacate Arbitration Award "pursuant to Section 10 (a)(3) and (4) of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10 and Sixth Circuit case law." Doc. #1, PAGEID#1. The arbitration award, rendered on May 2, 2019, denied "Hale's claims of Negligence, Defamation, Breach of Fiduciary Duty and Intentional Infliction of Emotional Distress." Doc. #1-3, PAGEID#43. As such, Hale was awarded no damages against his former employer, identified in the caption as the Respondent, "Morgan Stanley." The relief requested by Hale is "that this Court vacate Judge Coar's award, issue an order finding in his favor on all of his claims, and award him all of the remedies he has requested." Doc. #1, PAGEID#29. Hale

contends that the "requested remedies" can be found in his "Opening Statement from the arbitration" which is attached to his Motion to Vacate. *Id.*

In response to Hale's Motion to Vacate, the Respondent, whose legal name is Morgan Stanley Smith Barney LLC, doing business as Morgan Stanley Wealth Management ("MSWM"), has filed a Motion to Dismiss Claimant's Motion to Vacate Arbitration Award ("Motion"), Doc. #9. The Motion is filed pursuant to Federal Rule of Civil Procedure Rule 12(b)(1), challenging this Court's subject matter jurisdiction. Hale has filed a Memorandum in Opposition, Doc. #10, and MSWM has filed a Reply, Doc. #11. The Motion is now ripe for consideration.

## I. Background Facts

Respondent argues that the Court lacks subject matter jurisdiction over Hale's Motion to Vacate since the Federal Arbitration ("FAA") does not, by itself, confer federal question jurisdiction. MSWM further contends that no diversity jurisdiction exists since the amount in controversy is "zero" due to the arbitrator awarding no damages to Hale. In response, Hale asserts that federal question jurisdiction exists under § 10(a)(3) and (4) of the FAA and "because Mr. Hale has an age discrimination claim under the federal Age Discrimination in Employment Act." Doc. #10, PAGEID#130. Finally, Claimant asserts that notwithstanding the arbitrator awarding him no monetary damages, his "total monetary demand is $14.75 million in monetary damages" which "satisfies the jurisdictional amount in controversy." Doc. #10, PAGEID#132.

2

Hale has attached to his Motion to Vacate, a copy of the "JAMS[1] Final Award," Doc. #1-3, his "Post-Hearing Brief," Doc. #1-4, a New York Times Article entitled "Morgan Stanley Knew of a Star's Alleged Abuse. He Still Works There.," dated March 28, 2018, Doc. #1-5, PAGEID#72 (Exhibit QQ), and his "Opening Statement," Doc. #1-6.

## II. Standard of Review

Federal courts are courts of limited jurisdiction, and a party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear a case. *Kokkenen v. Guradian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have subject-matter jurisdiction only over civil actions "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and over cases where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs, 28 U.S.C. § 1332. "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S.Ct. 1235 (2006)(citation omitted). A challenge to the subject matter jurisdiction of the United States District Court under Rule 12(b)(1) of the Federal Rules of Civil Procedure may either be facial or factual. *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir.2012). A facial

---

[1] JAMS is an acronym for Judicial Arbitration & Mediation Services Inc.

3

challenge requires all the plaintiff's allegations to be accepted as true, "much as with a Rule 12(b)(6) motion." *Id.* In contrast, a factual challenge to the court's subject matter jurisdiction allows the court to "weigh evidence to confirm the existence of the factual predicates for subject matter jurisdiction," without presuming the truth of the allegations. *Id.* (citing *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir.1996)). Here, Respondent's challenges to the Court's subject matter jurisdiction are purely legal. As such, the Court will assume all of Hale's factual allegations to be true, as with the standard of review for a motion made under Rule 12(b)(6).

### III. Legal Analysis

#### A. No Federal Question Jurisdiction Exists under 28 U.S.C. § 1331

District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. MSMW asserts that Hale's claim to federal question jurisdiction under 28 U.S.C. § 1331, based on the FAA, fails as a matter of law, because this statute does not create an independent basis for federal jurisdiction. The Court agrees. "The [FAA] is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 ... or otherwise." *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25, n. 32, 103 S.Ct. 927, 74

4

L.Ed.2d 765 (1983). This is true whether the motion is a motion to compel arbitration pursuant to §4 of the FAA, or a motion to vacate pursuant to §10(a).

> '[T]o read section [9 or] 10 as bestowing jurisdiction to [confirm or] vacate absolutely any arbitration award,' as the Court of Appeals for the Second Circuit has said, 'would open the federal courts to a host of arbitration disputes, an intent that we should not readily impute to Congress.' Ford v. Hamilton Investments, Inc., 29 F.3d 255, 258 (6th Cir. 1994) (citing Harry Hoffman Printing, Inc. v. Graphic Communications, Int'l Union, Local 261, 912 F.2d 608, 611 n.1 (2d Cir.1990) See also Prudential-Bache Sec., Inc. v. Fitch, 966 F.2d 981, 988 (5th Cir.1992) ('There is no indication that Congress in enacting the [Federal Arbitration Act], or the Supreme Court in interpreting it, intended to change the rules for determining federal jurisdiction over a complaint') (abrogated on other grounds by Varden v. Discover Bank, 556 U.S. 49,129 S. Ct. 1262 (2009).

Hale also asserts that federal question jurisdiction exists because he "has an age discrimination claim under the federal Age Discrimination in Employment Act, over which district courts unquestionably [have] jurisdiction." Doc. #10, PAGEID#130. In his Motion to Vacate, Hale argues, among other things, that the arbitration award should be vacated because his "Motion to Add an Age Discrimination [C]laim," which was opposed by Respondent in the arbitration, was denied by the arbitrator. Id. PAGEID#17. Claimant includes in his Motion to Vacate detailed excerpts from his April 24, 2018, letter to the arbitrator in which he asserts that he successfully "refuted" Respondents' arguments. Doc. #1, PAGEID##13-18. Respondent argues, however, that the arbitration's Final Award establishes that no federal age discrimination claim was ever litigated. Moreover, even if such a claim had been decided and rejected by the arbitrator, MSWM contends that it would not provide an independent basis for federal jurisdiction in

5

this Court. In support of their position, MSWM cites to *Collins v. Blue Cross Blue Shield of Michigan*, 103 F.3d 35 (6th Cir.1996).

In *Collins*, the Sixth Circuit vacated the decision of the district court confirming an arbitration award in favor of the plaintiff who claimed that her former employer, Blue Cross Blue Shield of Michigan ("BCBSM"), violated the ADA and state anti-discrimination statutes. Following an arbitration which resulted in an award in her favor, Collins filed a complaint to confirm the arbitration award in state court. BCBSM, however, removed the case to the district court asserting federal question jurisdiction due to the ADA claim, asserted by the plaintiff and included in the arbitration award. Although the district court confirmed the award, the Sixth Circuit reversed holding that the district court had no federal question jurisdiction.

> In this case, one of the issues in the underlying arbitration was Collins' statutory claim against BCBSM under the ADA, clearly a federal question. However, the issue in Collins' state court complaint was the confirmation of the arbitrated award, a right that was provided in the parties' arbitration agreement and, thus, clearly a state law matter. As noted, neither the FAA nor the underlying arbitrated claim provide an independent basis of federal jurisdiction in an action to confirm or vacate an arbitration award. Therefore, this Court lacks jurisdiction of this matter.

*Id.* at 37. *See, Taylor v. Western Southern Financial Group*, 3:12-mc-00020, 2013 WL 3122120 (S.D. W.D. Ohio June 19, 2013).

Because "neither the FAA nor the underlying arbitrated claim provide an independent basis of federal jurisdiction in an action to confirm or vacate an

6

arbitration award," the Court does not have federal question jurisdiction under 28 U.S.C. § 1331.

### B. No Diversity Jurisdiction Exists under 28 U.S.C. § 1332

Hale next asserts that even if there is no federal question jurisdiction, the Court has jurisdiction pursuant to 28 U.S.C. § 1332, since the parties are diverse in citizenship and his "demand was $14.75 million in monetary damages" in the arbitration. Doc. #10, PAGEID#132. In arguing that the $75,000 jurisdictional amount for diversity has been met, Hale relies on *Mitchell v. Ainbinder*, 214 F. App'x 565, 566 (6th Cir. 2007) (unpublished).

In *Mitchell*, customers of a brokerage firm appealed a district court decision that upheld the arbitration award of no damages and a verdict in favor of the brokerage company. In affirming the decision of the district court, the Sixth Circuit "briefly" addressed the defendant's argument that no diversity jurisdiction existed since the amount in controversy had not been satisfied. *Id.* 566.

> Where, as here, the petitioner seeks to reopen the arbitration, the amount in controversy 'includes the matter at stake in the arbitration.' *See Sirotzky v. New York Stock Exchange*, 347 F.3d 985, 989 (7th Cir. 2003) (citations omitted); see also *Ford v. Hamilton Investments, Inc.*, 29 F.3d 255, 260 (6th Cir.1994). Even a cursory review of the statement of claim reveals that well over $75,000 was at stake in the arbitration. Mitchell's total claim, which included punitive damages, totaled more than $770,000, exclusive of costs and attorney fees.

*Mitchell*, 214 Fed. Appx. 566. Based upon the demand of the plaintiff, the Sixth Circuit found that the jurisdictional amount was satisfied and that the diversity jurisdiction had been established.

7

Although MSWM agrees that the parties are diverse in citizenship, Doc. #11, PAGEID#139, it asserts that no diversity jurisdiction exists since the "zero" dollar award does not satisfy the jurisdictional threshold of $75,000. Respondent further argues that *Mitchell*, an unpublished decision, does not apply because, unlike Hale, the plaintiff in *Mitchell* sought a reopening and remand of the arbitration and not a vacation of it. As such, MSWM argues that this Court must apply *Ford*, the 1994 Sixth Circuit decision.

In *Ford*, the plaintiff sought to vacate an arbitration award. In response, the defendants moved to have the arbitration award confirmed and responded on the merits to the plaintiff's motion. *Ford*, 29 F.3d at 257. The district court denied plaintiff's motion to vacate and confirmed the arbitration award. *Id.* On appeal, however, the Sixth Circuit held that the trial court did not have jurisdiction over the action pursuant to 28 U.S.C. 1332, since the arbitration award did not exceed the jurisdictional amount.

> Mr. Ford's complaint alleges that the arbitration panel awarded Hamilton Investments $26,666.63, plus $3,857.53 in interest. The total of these figures obviously does not exceed $50,000. In the arbitration proceedings Mr. Ford claimed more than $50,000 against Hamilton Investments, but he never asked the district court to order that the arbitrators reopen his claim against Hamilton Investments; all he sought from the district court was the vacation of an award that fell short of the jurisdictional amount by almost $20,000. A claim for vacation of an arbitral award in the amount of $50,000 or less is not sufficient for diversity jurisdiction.[2]

---

[2] The jurisdictional amount under 28 U.S.C. § 1332 was amended and increased to $75,000.00 by legislation enacted October 19, 1996, Pub.L. 104-317, Title II, § 205(a), 110 Stat. 3850.

8

*Ford,* 29 F.3d at 260.

At first glance, it appears that by reaching different results for determining the jurisdictional amount in diversity cases involving the FAA, *Mitchell* and *Ford* are in conflict. Although *Mitchell* is an unpublished Sixth Circuit opinion, not "precedentially binding under the doctrine of *stare decisis*" on this Court, it "may be considered" for its persuasive value. *Corell v. CSX Transportation, Inc.*, 378 F. App'x 496, 499 n. 1 (6th Cir.2010). In this case, however, the Court does not find that *Mitchell* is persuasive, since the relief sought by the plaintiff was a reopening or remand of the matter "for reconsideration with an entirely new arbitration panel."[3] The plaintiff in *Ford*, as in the instant matter, sought a vacation of the arbitration award. Additionally, *Mitchell*, in announcing that it determined the jurisdictional amount based on the demand sought in the arbitration, did not overrule *Ford* and, in fact, cited it along with *Sirotzky*. Both *Ford* and *Sirotzky* involved parties seeking to vacate an arbitrator's decision and not to reopen an arbitration.

In the case before this Court, Hale does not seek a reopening or remand of the arbitration, but, instead, a vacation of the arbitration. As such, the Court finds that the reasoning of the Sixth Circuit in *Ford* must be followed. Pursuant to *Ford*,

---

[3] *Mitchell v. Ainbinder,* 2:04-cv-72847-PDB-DAS, 1,4 ECF No. 41 ("Based upon all the transgressions alleged by Petitioners, they contend that this Court should vacate the arbitration award in favor of Respondents and remand the matter to the NASD-DR for reconsideration with an entirely new arbitration panel.")

9

since the claimant herein seeks vacation of the arbitration decision and not a remand for reconsideration with an entirely new arbitration panel, any claim for damages in the initial arbitration is irrelevant for diversity jurisdiction. Accordingly, the Court finds that it does not have jurisdiction under 28 U.S.C. § 1332, since the amount in controversy is less than $75,000.

The Court has determined that the issues presented herein are clear and, accordingly, no oral hearing is necessary.

## IV. CONCLUSION

For the reasons set forth above, the Respondent's Motion to Dismiss Claimant's Motion to Vacate Arbitration Award, Doc. #9, is SUSTAINED.

This case is terminated upon the docket of this Court.

Judgment shall be entered in favor of Respondent, Morgan Stanley Smith Barney LLC, and against Claimant, Richard "Rip" Hale.

The captioned case is hereby terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division at Dayton.

Date: March 13, 2020

WALTER H. RICE
UNITED STATES DISTRICT JUDGE