UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RICHARD "RIP" HALE,

       Plaintiff,                       Case No. 3:19-cv-229

vs.

MORGAN STANLEY,                District Judge Michael J. Newman
                                 Magistrate Judge Sharon L. Ovington

       Defendant.

---

**ORDER: (1) DENYING PLAINTIFF'S MOTION TO VACATE THE ARBITRATION AWARD BELOW (DOC. 1) WITH PREJUDICE; (2) DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO COMPLETE DISCOVERY AND/OR UNDERTAKE POST-HEARING DISCOVERY (DOC NO. 29); (3) DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND (DOC NO. 30); (4) CONFIRMING THE ARBITRATION AWARD AT ISSUE AND DENYING AS MOOT DEFENDANT'S MOTION TO CONFIRM THE ARBITRATION AWARD (DOC NO. 31); (5) DENYING AS MOOT PLAINTIFF'S MOTION TO DISMISS (DOC. NO. 36); (6) DENYING AS MOOT PLAINTIFF'S MOTION FOR AMENDMENT OF THE CALENDAR (DOC. NO. 42); (7) ENTERING JUDGMENT IN DEFENDANT'S FAVOR; AND (8) TERMINATING THIS CASE ON THE DOCKET**

---

       This matter is before the Court on several motions that the Court explains in further detail below.  Because each motion is contingent on Plaintiff's original motion to vacate the arbitration award at the heart of this case (Doc. No. 1), the Court finds this matter ripe for review.

**I.**

       According to Defendant Morgan Stanley Smith and Barney LLC ("Morgan Stanley"), "[a]t Morgan Stanley, the rules apply to everyone."  Doc. No. 1 at PageID 16.  Not so, contended Plaintiff Richard Hale ("Hale").  After receiving reprimands from his supervisors for violating company policies related to financial disclosures and revealing company information, as well as

losing company privileges bestowed to top employees, Hale challenged Morgan Stanley in arbitration. Doc. No. 1 at PageID 4. He lost. Doc. No. 12.

The arbitration proceedings lasted four days, eleven witnesses testified, and both parties briefed the issues for the Honorable David Coar ("Judge Coar")[1], the arbitrator, to review. Doc. No. 31 at PageID 277. The following background facts were contested during the underlying dispute, but given the narrow standard of review this Court must presently apply, resolving the parties' factual disputes are not necessary to decide the main issue -- did Judge Coar issue a legitimate award? *See Barrick Enters., Inc. v. Crescent Petroleum, Inc.*, 496 F. App'x 614, 616 (6th Cir. 2012); *Questar Cap. Grp. v. Gorter*, 909 F. Supp. 2d 789, 797 (W.D. Ky. 2012). But for clarity and to give a complete account of the arbitration proceedings, the Court will set the facts forth below.

### A. Underlying Facts

Hale worked for Morgan Stanley as a financial advisor for thirty-four years in their Beavercreek, Ohio office. Doc No. 32-3 at PageID 413; Doc. No. 32-12 at PageID 611. He was a top producer at Morgan Stanley, receiving multiple awards for his work. Doc. No. 32-1 at PageID 361; Doc. No. 32-12 at PageID 611. But then came the complaints. Morgan Stanley issued several letters reprimanding Hale over a span of four years. Doc. No. 31-2 at PageID 298. The first letter arrived in March 2013, when Morgan Stanley chastised Hale for giving a quote in a newspaper article about tax investment strategies -- without permission, in violation of Morgan Stanley's policies. *Id.* at PageID 302. The second letter, in October 2014, came after Hale violated Morgan Stanley's policies and procedures pertaining to an initial public offering. *Id.* Finally, the

---

[1] The Honorable David H. Coar is a former United States District Judge for the District of Illinois. After fifteen years of service as a federal judge, Judge Coar retired and began working as an arbitrator.

third letter followed in response to Hale's alleged reinvestment of clients' dividend income into their IRA accounts without their prior approval. Doc. No. 1 at PageID 8.

Morgan Stanley mobilized its internal investigation unit -- the Special Investigations Unit ("SIU") -- to investigate these alleged violations. *Id.* When Hale allegedly violated Morgan Stanley's policy by failing to disclose his position in his family limited partnership -- a fourth infraction -- SIU initiated a call with Hale on April 28, 2016. *Id.* Hale alleged that this call was an ambush, rife with verbal abuse towards him. *Id.* Morgan Stanley alleged that Hale was the "combative" one and would not take responsibility for his actions. *Id.*; Doc. No. 31-2 at PageID 305. Later, on August 23, 2016, Hale met with SIU members again to make amends; both parties left with differing views of what was said, with each side alleging that the other party was combative and abusive. Doc. No. 1 at PageID 9–10; Doc. No. 31-2 at PageID 11–12. Hale subsequently complained to Human Resources on September 19, 2016. Doc. No. 1 at PageID 9. Morgan Stanley's Guardianship Committee, an internal governance board, reviewed Hale's disciplinary record thereafter and concluded that Morgan Stanley should disqualify Hale from the Chairman's Club -- a firm designation given to top performers. Doc. No. 32-1 at PageID 369–70.

After this series of events, Hale elected for arbitration against Morgan Stanley. Doc. No. 31 at PageID 277. Morgan Stanley resolves claims against it through Judicial Arbitration and Mediation Services ("JAMS"), a well-known alternative dispute resolution service provider. Doc. 32-1 at PageID 384–86. All employees at Morgan Stanley who wish to assert claims against Morgan Stanley related to their employment must assert these claims through JAMS. *Id.* The parties select an arbitrator, who has the power to issue an award for relief over the claims. Doc. No. 31-4 at PageID 341. JAMS rules require an arbitrator to issue "a concise written statement of

3

the reasons for the [a]ward, stating the essential findings and conclusions on which the [a]ward is based." *Id.* at PageID 350.

In March 2018, Hale filed a "restatement of claims" amending his claims against Morgan Stanley, specifically alleging that Morgan Stanley was negligent and intentionally inflicted emotional distress upon him through its investigation; defamed him in SIU's statements and reports regarding its investigation into his alleged misconduct; and breached its fiduciary duty of care by allegedly failing to meet with him once he complained. Doc. No. 31-1 at PageID 282; Doc. No. 32 at PageID 409.

Because one of the arguments in the present case deals with Judge Coar's decision to designate certain documents as privileged, it is important to summarize how those events transpired during arbitration. Morgan Stanley argued that certain portions of the SIU's investigation file were privileged when Judge Coar inquired about SIU's role at Morgan Stanley. Doc. No. 32-19 at PageID 656; Doc. No. 33 at PageID 686. Hale opposed, but Judge Coar, after reviewing (1) all the privileged documents; (2) Morgan Stanley's privilege log; (3) the parties' letters explaining their positions; and (4) Morgan Stanley's submission explaining the nature of SIU, ruled that the attorney-client privilege shielded the documents from production and/or consideration during the arbitration proceedings. Doc. No. 32-20; Doc. No. 32-21; Doc. No. 33 at PageID 688.

In addition to his arguments regarding privilege and discovery, on April 19, 2018, Hale moved for leave to add an age discrimination claim to the claims before the arbitrator, alleging that Morgan Stanley treated him less favorably (by not giving him the Chairman's Club benefits) than a younger financial advisor with a sordid criminal history. Doc. No. 32-4. After extensive

4

briefing, Judge Coar denied Hale's motion for leave to amend. Doc. No. 32-5 at PageID 454; Doc. No. 32-7; Doc. No. 32-8; Doc. No. 32-9; Doc. No. 33 at PageID 676, 678.

During the arbitration hearing, Hale, through counsel, attempted to resurrect an abandoned retaliation claim that he omitted from his restatement of claims in March 2018. Doc. No. 32-13 at PageID 623. When Morgan Stanley protested, Judge Coar noted that Hale had withdrawn this claim and denied him leave to reassert it. *Id.* at PageID 623, 625. Judge Coar clarified that any reference to a retaliation claim was limited to Hale's possible use of the burden-shifting standard for Title VII cases; regardless, Judge Coar specified that retaliation was "out as a substantive claim." *Id.* at PageID 625.

The arbitration proceeded. Hale's attorney gave his opening statement, arguing (1) defamation, (2) intentional infliction of emotional distress, (3) negligence, and (4) breach of fiduciary duty. Doc. No. 32-17 at PageID 643–47. Each claim was thoroughly briefed and presented for Judge Coar's review after the hearing. *See* Doc. No. 32-11.

Following four days of testimony, Judge Coar, in a written opinion dated May 2, 2019 (Doc No. 32-12 at PageID 610), ruled in favor of Morgan Stanley. After acknowledging that no party disputed that their claims were within the scope of arbitration, Judge Coar found that the facts favored Morgan Stanley. *Id.* at PageID 617–18. More importantly, Judge Coar found Morgan Stanley's investigators credible. *Id.* He insisted that their testimony demonstrated "[t]he simple truth . . . that Hale committed the acts and omissions for which he received discipline." *Id.* at PageID 617. Judge Coar found the following: (1) "Hale was not defamed …."; (2) "he [was not] the victim of intentional infliction of emotional distress"; (3) "[t]he investigation of [SIU investigators'] conduct was reasonable and not negligent or flawed"; and (4) "[t]he assertion that

[Morgan Stanley] breached its duty of care to Hale by not limiting the number of times that he could speak to upper management is frivolous." *Id.* at PageID 618.

### B. Procedural History

This case has taken several turns since arbitration concluded. It first appeared before the Court on August 2, 2019, when Hale filed a motion to vacate Judge Coar's award under Sections 10(a)(3) and (4) of the Federal Arbitration Act ("FAA"). Doc. No. 1. Morgan Stanley moved to dismiss for lack of subject matter jurisdiction on October 1, 2019. Doc. No. 9. Judge Rice (to whom this case was previously assigned) agreed and dismissed Hale's complaint, but the Sixth Circuit reversed that ruling and remanded the case to this Court. *Hale v. Morgan Stanley*, No. 3:19-cv-229, 2020 WL 1233772, at *1 (S.D. Ohio Mar. 13, 2020), *rev'd by Hale v. Morgan Stanley*, 982 F.3d 996, 999 (6th Cir. 2020). The case was then transferred from Judge Rice to the undersigned. Doc. No. 23.

Meanwhile, Morgan Stanley, on October 1, 2019, filed a new case in the Montgomery County Court of Common Pleas seeking to confirm the arbitration award. Doc. No. 31 at PageID 278. Hale removed the state case, but this Court remanded it for lack of subject matter jurisdiction. *See Morgan Stanley v. Hale*, No. 3:19-cv-327-WHR, Doc. No. 12 (Oct. 20, 2019). Rather than pursuing the case in state court, Morgan Stanley voluntarily dismissed the state case without prejudice and, in late April 2021, filed a motion to confirm the arbitration award in the instant case. Doc. No. 31. Hale opposed this on statute of limitations grounds, while also incorporating by reference the arguments that he presented in support of his original motion to vacate in the instant case. Doc. No. 37 at PageID 704.[2]

---

[2] When the case came before the undersigned Court following Judge Rice's transfer, the Court held a status conference. Later, Hale filed a "status report," essentially arguing the merits of his claims. Doc. No. 27. Notably, he alleged, *inter alia*, that he was entitled to additional discovery because Judge Coar made an incorrect ruling on privilege. *Id.* at PageID 235. Moreover, in Hale's "request to conduct additional

Hale argues that Judge Coar violated the FAA when he (1) denied his motion for leave to amend his arbitration claims; (2) found that Hale brought an age discrimination claim too late; (3) manifestly disregarded the law in his final arbitration decision; (4) only issued a short arbitration decision without sufficient reasoning; and (5) refused to give Hale access to Morgan Stanley's privilege log.  Doc. No. 1 at PageID 13–27.  *See* Doc. No. 29 at PageID 249–71; Doc. No. 37 at PageID 704.  These arguments are addressed in turn.

## II.

As a matter of policy, "Congress enacted the FAA to replace judicial indisposition to arbitration with a national policy favoring it and placing arbitration agreements on equal footing with all other contracts." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581 (2008) (cleaned up).  The "liberal policy favoring arbitration" requires the Court to honor and enforce arbitration agreements just like any other contract.  *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).

"[R]eview of an arbitration award 'is one of the narrowest standards of judicial review in all of American jurisprudence.'"  *Barrick Enters.*, 496 F. App'x at 616 (first quoting *Way Bakery v. Truck Drivers Loc. No. 164*, 363 F.3d 590, 593 (6th Cir. 2004); and then citing *Federated Dep't Stores, Inc. v. J.V.B. Indus., Inc.*, 894 F.2d 862, 866 (6th Cir. 1990)).  If an "arbitrator's award draws its essence from the agreement and is not merely the arbitrator's own brand of justice, the award is legitimate."  *Id.* (cleaned up) (quoting *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36 (1987)).  If the Court can find "any line of argument that is legally plausible and

---

discovery," he asserts the same arguments used to attempt to overturn Judge Coar's award as support for granting an extension of time to conduct additional discovery.  *Compare* Doc. No. 32-11 at PageID 605–06, 593–96 *with* Doc. No. 29 at 266, 261–63.

supports the award[,] then it must be confirmed." *Merrill Lynch, Pierce, Fenner & Smith v. Jaros*, 70 F.3d 418, 421 (6th Cir. 1995).

Section 10(a) of the FAA permits a court to vacate an arbitration award only if: (1) the award was procured by fraud, corruption, or other means; (2) the arbitrator was evidently partial or corrupt; (3) the arbitrator was guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior that prejudiced the parties' rights; or (4) the arbitrator exceeded his/her powers, or so imperfectly executed them that a final, mutual, and definite award was not made. 9 U.S.C. §§ 10 (a)(1)-(4).

### A. Judge Coar's Refusal to Allow Hale to Add Retaliation and Discrimination Claims is Not Grounds for Relief.

Hale argues that Judge Coar's evidentiary rulings and decision to deny Hale's motion for leave to amend his age discrimination and retaliation claims thus deprived him of a fair hearing under Section 10(a)(3) of the FAA. Doc. No. 1 at PageID 13; Doc No. 29 at PageID 249.

Section 10(a)(3) permits the Court to vacate an arbitration award if "the arbitrators were guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy; or of other misbehavior by which the rights of any party have been prejudiced . . . ." 9 U.S.C. § 10(a)(3). Simply put, arbitrators must merely give "each party the opportunity to present their arguments and evidence." *Terk Techs. Corp. v. Dockery*, 86 F. Supp. 2d 706, 709 (E.D. Mich. 2000) (citing *Forsythe Int'l, S.A. v. Gibbs Oil Co. of Tex.*, 915 F.2d 1017, 1022 (5th Cir. 1990)). This sets a "high bar to clear" before the Court can consider overturning an arbitration award. *Barrick Enters., Inc.* 496 F. App'x at 620. Essentially, the Court must find that (1) the excluded evidence was so material to the arbitrator's decision that it denied fundamental fairness to the challenger; and (2) "by clear and convincing evidence . . . the arbitrator had no reasonable basis

for his [or her] decision." *Floyd Cnty. Bd. of Educ. v. EUA Cogenex Corp.*, No. 98-6273, 1999 WL 1023704, at *2 (6th Cir. Nov. 5, 1999) (first citing *In Re Time Constr., Inc.*, 43 F.3d 1041 (6th Cir. 1995); and then citing *DVC-JPW Invs. v. Gershman*, 5 F.3d 1172, 1174 (8th Cir. 1993)). Material evidence is evidence that was material in the arbitrator's determination, the absence of which denies the claimant fundamental fairness. *Warren v. Tacher*, 114 F. Supp. 2d 600, 602 (W.D. Ky. 2000) (first citing 9 U.S.C. § 10; and then citing *Campbell v. Cantor Fitzgerald & Co.*, 21 F. Supp. 2d 341, 344 (S.D.N.Y. 1998)).

For the age discrimination claim, Judge Coar requested that the parties fully brief the issue after both sides participated in a conference call to discuss Hale's motion to add the claim. *See* Doc. No. 32-5 at PageID 454. They did so. Doc. No. 32-4; Doc. No. 32-6; Doc. No. 32-7; Doc. No. 32-8; Doc. No. 32-9. Thus, Hale had a full opportunity to argue his motion for leave to amend to Judge Coar, who ruled against him. *See* Doc. No. 33 at PageID 678. *See also Questar Cap. Corp.*, 909 F. Supp. 2d at 822 (citing *Wachovia Sec., Inc. v. Gangale*, 125 F. App'x 671, 677 (6th Cir. 2005)).

In his claim, Hale asserted that because Morgan Stanley employed and retained a younger financial advisor (who was an alleged criminal) while disciplining Hale (presumably an employee with no criminal history) it discriminated against him based on his age. Doc. No. 32-4 at 451–52. Morgan Stanley replied with several arguments, including that the guidebook outlining the arbitration rules of process ("CARE guidebook") applied and barred the claim as untimely. Doc. No. 32-7 at PageID 470. Judge Coar found this argument convincing and ruled in Morgan Stanley's favor on the timeliness issue. Doc. No. 38-1 at PageID 722–23.

Hale's attempt to raise a retaliation claim played out differently. Hale brought it to Judge Coar's attention later at the hearing, but Judge Coar noted that Hale had withdrawn this claim

9

when he filed his "restatement of claims" in March 2018.  Doc. 32-13 at PageID 623.  Hale now argues that Judge Coar sent "mixed messages" on whether he could bring a retaliation claim.  Doc. No. 38 at PageID 713.

By so arguing, Hale ignores the deferential standard of review in this case.  Given that Section 10(a)(3) deals with arbitrator misconduct, his arguments fall under the scope of that provision.  But his challenges to Judge Coar's procedural rulings and final decision fail under Section 10(a)(3) because Judge Coar did not engage in misconduct.  He instead heard evidence from all parties on whether to grant Hale leave to amend.  *See Lykins v. Citicorp Cred. Servs., Inc. (USA)*, No. 1:13-mc-11, 2013 WL 1987275, at *1–3 (S.D. Ohio May 13, 2013) (upholding the arbitrator's decision denying leave to amend where the arbitrator found the claim was asserted too late).  Hale does not get a second chance to argue this point before the Court "[i]n light of the conflicting testimony and the substantial written briefs submitted to [Judge Coar] by [Hale] both before and after the hearing," so the Court does not find "serious misconduct" on Judge Coar's part.  *Nat'l Post Off. Mailhandlers v. U.S. Postal Serv.*, 751 F.2d 834, 841 (6th Cir. 1985) (citing *Oil, Chem. & Atomic Workers v. Ethyl Corp.*, 704 F.2d 933, 935–36 (5th Cir. 1983)).  Thus, Hale's contention is erroneous.  *See id.* (voluminous information submitted to arbitrator prevented his decision from being labeled "serious misconduct" under FAA).

As to retaliation, again, Hale had a "fair opportunity to present" his evidence and allege the claim when he restated his claims, but he voluntarily withdrew his retaliation claim.  *See* Doc. No. 32-13 at PageID 623.  Given this, and without evidence indicating Judge Coar engaged in misconduct, the FAA provides no basis for reversing Judge Coar's decision.  *See Questar Cap. Corp.*, 909 F. Supp. 2d at 821.  *See also, e.g., Hadden v. UBS Fin. Servs., Inc.*, No. 3:15-cv-00153,

10

2015 WL 6680902, at *2–3 (W.D. Ky. Oct. 30, 2015) (finding no basis to vacate arbitration award where arbitrator had reasonable basis to postpone proceedings).

### B. Judge Coar Did Not Manifestly Disregard the Law in Finding That the CARE Guidebook Barred Hale's Age Discrimination Claim.

Additionally, Hale argues that Judge Coar manifestly disregarded the law by finding that (1) equitable tolling did not apply to his age discrimination claim, and (2) it was barred under the CARE guidebook rules.  Doc. No. 29 at PageID 249–50.

The Sixth Circuit has found that a court can vacate an arbitration award "where the 'award was made in "manifest disregard of the law."'"  *Gunasekera v. War Mem'l Hosp., Inc.*, 841 F. App'x 843, 846 (6th Cir. 2021) (quoting *Jaros*, 70 F.3d at 421).[3]  "An arbitrator 'does not act in manifest disregard of the law unless (1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrator[ ] refused to heed that legal principle.'"  *Gunasekera*, 841 F. App'x at 846 (quoting *Jaros*, 70 F.3d at 421).  In fact, an arbitrator can get the law *wrong* without disregarding it.  *See, e.g., Marshall v. SSC Nashville Operating Co.*, 686 F. App'x 348, 353 (6th Cir. 2017) ("A mere error in interpretation or application of the law is insufficient" (quoting *Jaros*, 70 F.3d at 421)).  To prove manifest disregard, the Court must find that the arbitrator "chose to *ignore*" the law entirely.  *Dawahare v. Spencer*, 210 F.3d 666, 671

---

[3] Notably, nothing in the FAA sets such a standard.  *See Citigroup Glob. Mkts., Inc. v. Bacon*, 562 F.3d 349, 355–68 (5th Cir. 2009) (finding that challenges for manifest disregard are no longer valid after Supreme Court decision in *Hall Street*); *Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1322–24 (11th Cir. 2010); *Ramos–Santiago v. United Parcel Serv.*, 524 F.3d 120, 124 n.3 (1st Cir. 2008).  In fact, the Supreme Court has indicated that the statutory grounds under the FAA "are exclusive."  *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 578 (2008).  It is "an open question" whether the Sixth Circuit still recognizes this extratextual exception.  *Samaan*, 835 F.3d at 600 (first citing *Grain v. Trinity Health, Mercy Health Servs. Inc.*, 551 F.3d 374, 380 (6th Cir. 2008); and then citing *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 672 n.3 (2010)); *Coffee Beanery Ltd. v. WW, L.L.C.*, 300 F. App'x 415, 418–19 (6th Cir. 2008).

(6th Cir. 2000) (emphasis added).  If the Court "can find any line of argument that is legally plausible and supports the award [,] then it must be confirmed." *Jaros*, 70 F.3d at 421.

Hale does not meet the exception.  Morgan Stanley alleged in its briefs sent to Judge Coar that (1) the CARES guidebook forbade Hale's late age discrimination claim and (2) equitable tolling was not appropriate.  *See* Doc. No. 32-7.  Judge Coar (1) knew the law (because he had hundreds of pages of it before him) and (2) consciously applied it -- against Hale.  *See Dawahare*, 210 F.3d at 669.  To respect Congress's support of finality in arbitration, the Court will not give Hale a do-over to relitigate an issue that Judge Coar adequately and appropriately addressed.  *See, e.g.*, *Hall St. Assocs.*, 552 U.S. at 581–82.

Still, even looking at the substance of Hale's claim, it falls short.  An age discrimination claim is time-barred if not brought within 300 days of the discriminatory act.  *Amini v. Oberlin Coll.*, 259 F.3d 493, 498 (6th Cir. 2001).  But the clock starts running "when the plaintiff learns of the employment decision itself, not when the plaintiff learns that the employment decision may be discriminatorily motivated."  *Id.* at 499.  Judge Coar had evidence that countered Hale's argument that he was unaware of a possible age discrimination claim until he read the newspaper article, as indicated in Hale's letter in November 2017.  Doc. 32-7 at PageID 472.  Judge Coar found that the statute of limitations started running from February 2017, when Hale was disciplined, so the April 2018 filing was too late.  *Id.*; Doc. No. 33 at PageID 678.  Thus, Judge Coar considered the evidence, the law, and ruled against Hale -- a valid result under the FAA.  *See, e.g.*, *Schafer v. Multiband Corp.*, 551 F. App'x 814, 820 (6th Cir. 2014) ("One of the advantages of arbitration is the avoidance of the expense of appeals, and the avoidance of such costs would be undermined by permitting appeals based on clear error of law." (citing *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 219–22 (2014))); *Questar Cap. Corp.*, 909 F. Supp. 2d at 826.

Hale protests this result and clutches to equitable tolling to save his age discrimination claim. Equitable tolling is used in this context "only sparingly." *Amini*, 259 F.3d at 500. Judge Coar found that Hale was aware of a potential discrimination claim based on his letter sent in November 2017. *See* Doc. No. 32-8 at PageID 485–86. Because Judge Coar had the primary responsibility to "make factual findings," the Court will accept those as binding. *Questar Cap. Corp.*, 909 F. Supp. 2d at 826 (quoting *Coffee Beanery Ltd. v. WW L.L.C.*, 501 F. Supp. 2d 955, 964 (E.D. Mich. 2007), *rev'd on other grounds*, 300 F. App'x 415 (6th Cir. 2008)). Simply put, Judge Coar could find that Hale knew about his age discrimination claim in 2017; there was no delay or misrepresentation preventing him from knowing more; and he did not pursue his claim with diligence. *See id. See also Amini*, 259 F.3d at 500–01. Therefore, the Court refuses to vacate the award on these grounds.

### C. Judge Coar Did Not Manifestly Disregard the Law in Any Portion of His Order.

As noted above, Hale also argues that because, in his view, Judge Coar manifestly disregarded the law in his final arbitration award, the Court should overturn the award. *See* Doc. No. 29 at PageID 264–66. In particular, Hale argues that Judge Coar manifestly disregarded the law as to his defamation, negligence, IIED, and breach of fiduciary duty claims. *Id.*

The record demonstrates otherwise. Judge Coar had the facts and the law before him when he reviewed Hale's arguments during the hearing and in his post-hearing brief. Doc. No. 32-10 at PageID 522–24; Doc. No. 32-11 at PageID 584–609; Doc. No. 32-17 at PageID 643–46. Judge Coar's award, while short, addresses each claim. First, Judge Coar stated that Hale was not defamed. Doc. No. 32-12 at PageID 618. Rather, Judge Coar believed that Hale committed each violation that he was accused of throughout SIU's investigation. *Id.* Second, Judge Coar determined Hale's IIED claim failed because SIU accurately found that Hale acted in the manner that he was accused of acting, so Morgan Stanley's questioning was not extreme or outrageous

13

conduct.  *Id.*  Third, Judge Coar found that Morgan Stanley's investigation was reasonable -- foreclosing any negligence claim.  *Id.*  Finally, Judge Coar rejected any breach of fiduciary duty claim as frivolous.  *Id.*

"Arbitrators are not required to explain their decisions," so when we evaluate manifest disregard for the law, a pithy explanation alone is not grounds for vacatur.  *Dawahare*, 210 F.3d at 669. *See United Steelworkers v. Enter. Wheel & Car Co.*, 363 U.S. 593, 598 (1960); *Questar Cap. Corp.*, 909 F. Supp. 2d at 821–22.  Likewise, if the arbitrator chooses not to explain, then "it is all but impossible to determine whether [the arbitrator] acted with manifest disregard for the law" in their decision.  *Dawahare*, 210 F.3d at 669 (citing *Jaros*, 70 F.3d at 421).  Accordingly, the Court will not overturn an award unless there is a "legal error . . . evident without scrutiny of intermediate mental indicia." *Elec. Data Sys. Corp. v. Donelson*, 473 F.3d 684, 692 (6th Cir. 2007) (quoting *Detroit Auto. Inter-Ins. Exch. v. Gavin*, 331 N.W.2d 418, 429 (Mich. 1982)).

Notwithstanding that Judge Coar owed Hale no lengthy explanation, Judge Coar did not refuse to apply clearly defined law.  Instead, he applied a "legally plausible" argument to the facts. *Elec. Data Sys. Corp.*, 473 F.3d at 691.  Morgan Stanley argued that the allegations against Hale were true and privileged (Doc. No. 32-3 at PageID 436–38); Morgan Stanley conducted its investigation reasonably (and negligent investigation actions do not exist under Ohio law) (Doc. No. 32-3 at PageID 432–36); it owed Hale no fiduciary duty (Doc. No. 32-3 at PageID 443); and Hale only suffered emotionally because he had unreasonable reactions to people questioning him (Doc. No. 32-3 at PageID 440–42).  Truth is a complete defense to defamation; negligent investigation is not a cause of action under Ohio law; corporations do not owe fiduciary duties to employees; and a person cannot recover for IIED if the defendant's conduct is not extreme or outrageous -- Judge Coar was aware of these principles because Morgan Stanley argued them, and

14

this refutes any notion that Judge Coar made an obvious "legal error … evident without scrutiny of intermediate mental indicia." *Elec. Data Sys. Corp.*, 473 F.3d at 692. *See* Doc. No. 32-3 at PageID 437 (citing *Schmidt v. Northcoast Behav. Healthcare*, No. 10AP-565, 2011 WL 598440, at *2 (Ohio Ct. App. Feb. 22, 2011)); PageID 432 (quoting *Snyder v. United States*, 990 F. Supp. 2d 818, 832–33 (S.D. Ohio 2014)); PageID 443 (citing *Apicella v. PAF Corp.*, 479 N.E.2d 315, 318 (Ohio 1984)); PageID 441 (citing *Anthony v. TRW, Inc.*, 726 F. Supp. 175, 178–79 (N.D. Ohio 1989)). Judge Coar's succinct order, when reviewed by the Court, aligns with a "legally plausible" interpretation of the facts. *Jaros*, 70 F.3d at 421. The FAA permits an arbitrator to render an award "without detailed explanation," and the Court, thus, cannot undo it based on Hale's protests. *Dawahare*, 210 F.3d at 670.

### D. Judge Coar Did Not Exceed His Authority When He Issued His Award Because He Issued a Reasoned Award.

Hale next argues that, because Judge Coar's award is too sparse, it is not a reasoned award, so Judge Coar exceeded his powers under Section 10(a)(4). Doc. No. 1 at PageID 22. As mentioned, Judge Coar had no obligation to make his explanation longer for Hale in the absence of an agreement otherwise. *See Green v. Ameritech Corp.*, 200 F.3d 967, 975–76 (6th Cir. 2000). All that the arbitration rules required was "a concise written statement of the reasons for the [a]ward, stating the essential findings and conclusions on which the [a]ward is based." Doc. No. 31-4 at PageID 350. Because Judge Coar sufficiently outlined his reasons for giving his award, *see supra* Part II (C), relief under Section 10(a)(4) is unwarranted. *See Green*, 200 F.3d at 976 (reversing decision to vacate arbitration award because award "provided a separate discussion

regarding each of the plaintiff's theories and explained, albeit briefly, the reasons for denying recovery on each one"). *See also Dawahare*, 210 F.3d at 669.[4]

### E. Judge Coar Did Not Exceed His Authority or Commit Misconduct in Refusing to Give Hale Access to Morgan Stanley's Privilege Log.

Finally, Hale argues that Judge Coar committed misconduct when he refused to order Morgan Stanley to produce all documents in its privilege log related to Hale's investigation. Doc. No. 29 at PageID 269–70. Per Section 10(a)(3), the key question is whether Hale was given a fundamentally fair hearing. *Nat. Post Off.*, 751 F.2d at 841. This "requires only notice, an opportunity to present relevant and material evidence and arguments to the arbitrator[], and an absence of bias on the part of the arbitrator[]." *Louisiana D. Brown 1992 Irrevocable Tr. v. Peabody Coal Co.*, No. 99-3322, 2000 WL 178554, at *3 (6th Cir. Feb. 8, 2000) (citing *Bowles Fin. Grp., Inc. v. Stifel, Nicolaus & Co.*, 22 F.3d 1010, 1013 (10th Cir. 1994)). Courts rarely take issue with an arbitrator's discovery-related decisions, so long as excluded evidence was not

---

[4] Hale argues that the Court should adopt the Second Circuit's reasoning to determine whether Judge Coar's award was reasonable, assuming that this will lead him to victory. *See Leeward Constr Co. v. Am. Univ. of Antigua-Coll. of Med.*, 826 F.3d 634, 640 (2d Cir. 2016). It will not. Some Circuit Courts of Appeals have found that "a reasoned award is something more than a line or two of unexplained conclusions, but something less than full findings of fact and conclusions of law on each issue raised before the panel." *Id.*; *Rain CII Carbon, LLC v. ConocoPhillips Co.*, 674 F.3d 469, 473 (5th Cir. 2012); *Cat Charter, LLC v. Schurtenberger*, 646 F.3d 836, 844–46 (11th Cir. 2011). But the Sixth Circuit in *Green* indicated that, in a similar agreement to this case, an arbitrator's "minimal" opinion would satisfy the standard, so long as there is some explanation. *Compare* Doc. No. 31-4 at PageID 350 *with Green*, 200 F.3d at 970 ("The arbitrator's award shall be accompanied by an opinion which explains the arbitrator's decision with respect to each theory advanced by each Plaintiff and the arbitrator's calculation of the types of damages, if any, awarded to each Plaintiff") (quoting arbitration rules). In *Leeward*, the Second Circuit upheld the arbitration award because "while it [did] not provide a detailed rationale for each and every line of damages awarded, it does set forth the relevant facts, as well as the key factual findings supporting its conclusions." *Leeward Constr. Co.*, 826 F.3d at 640. Judge Coar's award indicated the key facts and why these meant that Hale was not defamed or wronged in any way -- just as the arbitrator did in *Leeward*. *Id.*; Doc. No. 32-12 at PageID 618. If Hale "wanted a more thorough discussion of why [Judge Coar] reached the decision he did, [Hale] could have contracted for an award to include findings of fact and conclusions of law." *Rain CII Carbon, LLC*, 674 F.3d at 474. Since he did not, the Court declines to "inject [itself] further into the arbitration process than Congress has mandated." *Cat Charter, LLC*, 646 F.3d at 846.

materially necessary to making a claim. *Id. See also Questar Cap. Corp.*, 909 F. Supp. 2d at 816–21.

Once Hale objected to Morgan Stanley's claim that certain SIU documents relating to its investigation were privileged, Judge Coar ordered the parties to submit additional briefing on privilege. Doc. No. 32-18. The parties complied. Doc. No. 32-19; Doc. No. 32-20; Doc. No. 32-21. Morgan Stanley argued that SIU attorneys provide legal advice on administering discipline, so this would make communications about Hale's discipline privileged. Doc. No. 32-19 at PageID 654, 657–659. In opposition, Hale argued that these communications were not made in anticipation of litigation, so they were not privileged. Doc. No. 32-20 at PageID 664. Judge Coar initially found that SIU's role fell into a gray area, but after multiple hearings and reviews of the parties' briefs, he ruled that the documents in question were privileged. Doc. No. 33 at PageID 687–88.

Again, Hale's arguments are unpersuasive. Judge Coar's decision, based on his analysis, was reasonable and did not deny Hale a fair hearing. Even without the investigative documents from SIU, Hale was still able to testify, call witnesses, and conduct discovery for other SIU documents related to the investigation. *See Questar Cap. Corp.*, 909 F. Supp. 2d at 820; *Howard Univ. v. Metro. Campus Police Officer's Union*, 512 F.3d 716, 722 (D.C. Cir. 2008) (finding that where claimant was able to have others testify about allegedly privileged documents, there was no fatal defect under Section 10(a)(3) to vacate the award). Likewise, Judge Coar was not obligated to "follow all niceties observed by the federal courts." *Tempo Shain Corp. v. Bretek, Inc.*, 120 F.3d 16, 20 (2d Cir. 1997) (quoting *Bell Aerospace Co. Div. of Textron v. Loc. 516*, 500 F.2d 921, 923 (2d Cir. 1974)). Hale does not contend that these documents were so necessary to his claims that he was denied a fair hearing. Doc. No. 1 at PageID 20–22; *see also Warren*, 114 F. Supp. 2d

at 602–03.  This does not warrant vacatur, as Hale had a fundamentally fair opportunity to arbitrate before Judge Coar.

### F. Because Hale is Using His Motion to Reopen Discovery to Relitigate His Claims, His Motion is Moot.

Considering the Court rejects every challenge to the arbitration award, Hale is not entitled to further discovery.  The Court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Gettings v. Bldg. Laborers Loc. 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)).  In deciding whether to conduct additional discovery at this juncture, the Court must weigh the burden of conducting such discovery against the hardship, if any, from its denial.  Fed. R. Civ. P. 26(b)(2)(C); *Bowens v. Columbus Metro. Libr. Bd. of Trs.*, No. 3:10-cv-00219, 2010 WL 3719245, at *3 (S.D. Ohio Sept. 16, 2010).

As every underlying contention that Hale brings to open discovery is without merit, then the Court has answered "preliminary questions that . . . dispose of the case . . . ." *Gettings*, 349 F.3d at 304.  Additionally, Hale's requests "contain thinly veiled attempts to relitigate" Judge Coar's findings.  *Murray v. Citigroup Glob. Mkts.*, 511 F. App'x 453, 455 (6th Cir. 2013). Essentially, Hale wants to use his discovery motions to relitigate Judge Coar's factual findings, which is improper.  *See* Doc. No. 29 at PageID 249–71; Doc. No. 37 at PageID 704.  *Compare* Doc. No. 32-11 at PageID 605–06, 593–96 *with* Doc. No. 29 at 266, 261–63.  *Compare also Murray*, 511 F. App'x at 455 n.2 (refusing to vacate based on arguments that arbitrator's factual analysis led to improper legal analysis) *with* Doc. No. 29 at PageID 251 (arguing that because Judge Coar should have credited Hale's account about not knowing that he was the victim of age discrimination until he read a *New York Times* article, then Hale deserves discovery to undermine this finding).  Therefore, Hale is not entitled to additional discovery.

### G.  Because Hale Does Not Deserve Leave to Amend, His Motion is Denied.

Hale simultaneously argues that he is entitled to leave to amend his motion to vacate based on the discovery that he seeks to obtain.  Doc. No. 30.  Because the Court finds his motion to reopen discovery is moot, then his motion to amend is also moot and without legal justification. *See, e.g.*, *Murray v. Citigroup Glob. Mkts., Inc.*, No. 3:09-cv-1514, 2011 WL 5523680, at *4 (N.D. Ohio Nov. 14, 2011), *aff'd*, 511 F. App'x 453 (6th Cir. 2013) (denying leave to add claim to motion to vacate because plaintiff cited no basis for motion to amend).

### III.

Hale finally argues that, because Morgan Stanley chose to bring its motion to confirm in this Court outside of the one-year statute of limitations period under Section 9 for confirming an arbitration award, then its motion to confirm should be dismissed for untimeliness.  Doc. No. 36. Morgan Stanley filed its motion to confirm the May 2, 2019 arbitration award on October 1, 2019 in the Montgomery Court of Common Pleas, *i.e.*, within the one-year period.  Doc. No. 31 at PageID 278.  After Hale removed the case to this Court, it was remanded to state court, but Morgan Stanley voluntarily dismissed that case and refiled it here in April 2021, again moving to confirm the award.  Doc. No. 36 at PageID 699–700.  The FAA states that "at any time within one year after [an arbitration award] is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."  9 U.S.C. § 9.  The terms of the arbitration agreement allow a party to file a motion to confirm the award in any competent court of jurisdiction.  Doc. No. 40-3 at PageID 818.  Thus, Morgan Stanley's filing

of the new case in April 2021 was outside of the one-year statute of limitations.[5]  However, the effect of the Court's order here serves to nonetheless confirm the award.

"A court's denial of a motion to vacate an award is often treated as equivalent to an order confirming an award."[6]  *Milan Express Co. Co., Inc. v. Applied Underwriters Captive Risk Assurance Co., Inc.*, 672 F. App'x at 553, 556 (6th Cir. 2016) (citing *Gen. Elec. Co*, 426 F. Supp. 2d at 591–95).  *See also, e.g.*, *Hale v. Morgan Stanley Smith Barney LLC*, 982 F.3d 996, 999 (6th Cir. 2020) (recognizing that "there is no meaningful difference between" a motion to confirm and motion to vacate); *Dodson Int'l Parts, Inc. v. Williams Int'l Co. LLC*, 12 F.4th 1212, 1228 (10th Cir. 2021) ("[W]hen a court denies a motion to vacate an arbitration award, the court's judgment has the effect of collateral estoppel; the parties cannot relitigate the validity of the award").  Therefore, an order denying a motion to vacate, in effect, confirms the underlying arbitration

---

[5] Whether this one-year requirement is mandatory or permissive has been the subject of some debate.  *Compare Wachovia Sec.*, 125 F. App'x at 676 ("The District Court correctly noted that the limitation on the time for seeking confirmation in the statute is permissive, not mandatory, and allowed the complaint to proceed" (citing *Ky. River Mills v. Jackson*, 206 F.2d 111, 120 (6th Cir. 1953))) *with Gen. Elec. Co. v. Anson Stamping Co.*, 426 F. Supp. 2d 579, 585 (W.D. Ky. 2006) (distinguishing *Wachovia Securities* on the grounds that it did not rest its decision to allow motion to confirm on statute of limitations grounds).  *See also Photopaint Techs., LLC v. Smartlens Corp.*, 335 F.3d 152, 157–60 (2d Cir. 2003) (rejecting permissive interpretation of "may" in Section 9 based on FAA's purpose and context). This uncertainty clouds Morgan Stanley's motion.  The Court is inclined to agree with the permissive view based on Sixth Circuit precedent.  *See Wachovia Sec.*, 125 F. App'x at 676 (citing *Ky. River Mills*, 206 F.2d at 120).  Moreover, because Morgan Stanley filed its motion in state court within one year after the award, this might suffice to confirm the award.  See 9 U.S.C. § 9.  But its decision to voluntarily dismiss the case seemingly dooms it under the alternative view of the statute as mandatory, as this time would not be tolled. *See Photopaint Techs.*, 335 F.3d at 160; *Gen. Elec. Co.*, 426 F. Supp. 2d at 586–86.  *See also, e.g., Rowland v. S. Health Partners, Inc.*, 4 F.4th 422, 427–28 (6th Cir. 2021) (noting that voluntary dismissal's "cost" is that "a party assumes the risk that the statute of limitations . . . might bar recovery on the claim" (quoting *Page Plus of Atlanta, Inc. v. Owl Wireless*, LLC, 733 F.3d 658, 661 (6th Cir. 2013))).

[6] The standard for what constitutes a motion to confirm is liberal.  *See, e.g., Milan Express Co., Inc. v. Applied Underwriters Captive Risk Assurance Co., Inc.*, 672 F. App'x 553, 556 (6th Cir. 2016) (citing *Gen. Elec. Co.*, 426 F. Supp. 2d at 591–95).  Even an argument in a motion to dismiss to oppose an arbitration award or any response requesting confirmation of the award serves as a functional equivalent of a motion to confirm.  *See Gen. Elec. Co.*, 426 F. Supp. 2d at 592.  But it is also unclear whether Morgan Stanley made such a request.  *See* Doc. No. 9 at PageID 111–13.  Rather, it opposed the motion to vacate on subject matter jurisdiction grounds -- an opposition that may not be on the merits.  *See, e.g., Pratt v. Ventas, Inc.*, 365 F.3d 514, 522–23 (6th Cir. 2004) (quoting *Wilkins v. Jakeway*, 183 F.3d 528, 533 n.6 (6th Cir. 1999)).

award.  *See Dodson Int'l Parts*, 12 F.4th at 1229; *Yasuda Fire & Marine Ins. Co. of Eur., Ltd v. Cont'l Cas. Co.*, 37 F.3d 345, 347 n.4 (7th Cir. 1994); *Urban Assocs., Inc. v. Standex Elecs., Inc.*, No. 04-CV-40059, 2012 WL 12930958, at *2 (E.D. Mich. Aug. 20, 2012) ("Accordingly, the Court's denial of Plaintiff's motion to vacate 'was in effect a judgment confirming the award'" (quoting *Gen. Elec. Co.*, 426 F. Supp. 2d at 593)).  Likewise, "confirmation of a valid arbitration award 'is a summary proceeding and the court must confirm the award where [it] is not vacated, modified, or corrected.'"  *Sound Inpatient Physicians, Inc. v. Carr*, No. 20-6440, 2021 WL 3399642, at *5 (6th Cir. Aug. 4, 2021) (quoting *Wachovia Sec.*, 125 F. App'x at 676).

Thus, the Court need not reach the issue of whether Morgan Stanley's motion to confirm was timely filed here.  The practical effect of denying with prejudice Hale's motion to vacate is collateral estoppel -- Morgan Stanley does not need to relitigate the validity of Judge Coar's award. *See Gen. Elec. Co.*, 426 F. Supp. 2d at 592–93 (quoting *Brown v. Bridgeport Rolling Mills Co.*, 245 F. Supp. 41, 44–45 (D. Conn. 1965)); *Dodson Int'l Parts*, 12 F.4th at 1229; *Urban Assocs., Inc.*, 2012 WL 12930958, at *2.  Even if Morgan Stanley had a statute of limitations problem, the Court's instant order confirms Judge Coar's findings.  *See Gen. Elec. Co.*, 426 F. Supp. 2d at 593; *Dodson Int'l Parts*, 12 F.4th at 1228–29; *Sanluis Devs., L.L.C. v. CCP Sanluis, L.L.C.*, 556 F. Supp. 329, 332–30 (S.D.N.Y. 2008) (collecting cases).

Accordingly, the Court: (1) **DENIES WITH PREJUDICE** Hale's motion to vacate the arbitration award (Doc. No. 1); (2) **DENIES** Hale's motion for an extension of time to complete discovery and/or to undertake post-hearing discovery (Doc. No. 29); (3) **DENIES** Hale's motion for leave to amend (Doc No. 30); (4) **CONFIRMS** the arbitration award below and  **DENIES AS MOOT** Morgan Stanley's motion to confirm an arbitration award (Doc. No. 31); (5) **DENIES AS MOOT** Hale's motion to dismiss (Doc. No. 36); and (6) **DENIES AS MOOT** Hale's motion for

amendment of the calendar (Doc. No. 42). This case is **TERMINATED** on the docket and judgment is **ENTERED IN FAVOR OF DEFENDANT**.

IT IS SO ORDERED.

  November 15, 2021                          s/Michael J. Newman

                                                    Hon. Michael J. Newman

                                                      United States District Judge